UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br><br>                Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; SELENE FINANCE, LP; and DOES 1 to 10, inclusive<br><br>                Defendants. | Case No.: 1:16-cv-11719-MLW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT SELENE FINANCE LP'S MOTION TO COMPEL PLAINTIFF TO PRODUCE DOCUMENTS** |

Plaintiff Robert Sullivan ("Plaintiff") hereby submits this Opposition To Defendant Selene Finance LP's ("Defendant") Motion To Compel Plaintiff To Produce Documents (doc. 120).

Preliminarily, the Court should deny Defendant's motion because Defendant has failed to meet and confer with Plaintiff regarding this motion in violation of L.R. 7.1(a)(2).[1]

The Court should deny Defendant's motion because Defendant had already moved to compel discovery of the same documents and under the exact same case law (doc. 109), and the Court denied Defendant's motion (Electronic Order, doc. 119). Defendant is making no new arguments or referring to any other case law. Therefore, Defendant has

---

[1] Defendant's "Certificate of Conference" is insufficient for this motion because the discussions between counsel took place before Defendant filed its first motion to compel.

-1/7-

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

failed to make a showing of exceptional circumstances to warrant the Court revisiting its prior denial.

Finally, Defendant has also failed to argue that J. Kelley's order was "clearly erroneous or contrary to law." 28 U.S.C. §636(b)(1)(A).

### Table of Contents

I.   RELEVANT BACKGROUND. ................................................................................... 3

II.  LEGAL STANDARD. .............................................................................................. 3

III. ARGUMENT. ........................................................................................................... 4

   A.  Preliminarily, The Court Should Deny Defendant's Motion Because Defendant Failed To Confer With Plaintiff As Required By L.R. 7.1(a)(2). ................................... 4

   B.  Preliminarily, The Court Should Deny Defendant's Motion Because The Court Has Already Denied The Same Exact Motion And Defendant Has Not Shown Exceptional Circumstances To Reopen The Court's Denial. ............................................................. 5

   C.  Because The Court's Order Finding The Documents Irrelevant Stands, The Court Should Not Entertain Defendant's Arguments That Its Discovery Request Is Narrowly Tailored, Not Unduly Burdensome, And Proportional. .................................................. 6

IV.  CONCLUSION. ....................................................................................................... 6

### Table of Cases

*Bennett v. LaPere*, 112 F.R.D. 136 (D.R.I. 1986) ................................................................ 4

*Negron-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009) ............................................. 3

-2/7-

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

**Table of Other Authorities**

28 U.S.C. §636(b)(1)(A) .................................................................................................. 6

L.R. 7.1(a)(2) .................................................................................................................... 4

**I. RELEVANT BACKGROUND.**

On September 27, 2018, Defendant filed a Request For Discovery Conference. (Doc. 109.) Defendant was seeking an order to compel Plaintiff to produce copies of his settlement agreements with Defendants Experian Information Solutions, Inc. and Rushmore Loan Management Services, LLC. (*Id*. at 1.)

On November 6, 2018, J. Kelley held the discovery conference. J. Kelley ruled that the documents sought were not relevant because "the claims alleged against each of the defendants are premised upon individual actions such that the resulting damages sought for each statutory violation are separate and distinct." (Doc. 119.) J. Kelley further held that *Bennett v. LaPere*, 112 F.R.D. 136 (D.R.I. 1986), relied on by Defendant, was inapplicable because "this is not a case involving joint and several liability, nor is there any question of potential offsets." (*Id*.)

Defendant did not communicate to Plaintiff, in any manner whatsoever, in an attempt in good faith to resolve or narrow the issue of this motion. (Declaration of David A. Chami, ¶2.)

**II. LEGAL STANDARD.**

"Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'"

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

*Negron-Almeda v. Santiago*, 579 F.3d 45, 50 (1st Cir. 2009) (quoting *United States v. Wallace*, 573 F.3d 82, 87–88 (1st Cir. 2009)). "[L]aw of the case serves important interests, such as stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy." *Id*. at 51 (citation omitted). "Courts should therefore be 'loathe' to disturb prior decisions in a case." *Id*. (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)).

"[C]ourts may reopen a matter previously decided on 'a showing of exceptional circumstances —a threshold which, in turn, demands that the proponent accomplish one of three things: show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice.'" *Id*. at 51-52 (quoting *United States v. Bell*, 988 F.2d 247, 251 (1st Cir. 1993)).

## III.   ARGUMENT.

### A. Preliminarily, The Court Should Deny Defendant's Motion Because Defendant Failed To Confer With Plaintiff As Required By L.R. 7.1(a)(2).

The Court should deny Defendant's motion because Defendant's counsel failed to attempt to confer with Plaintiff's counsel in good faith to resolve or to narrow down the issues in Defendant's motion. L.R. 7.1(a)(2). In the short time between the Court denied Defendant's first motion on this issue and Defendant filed this motion, Defendant did not communicate with Plaintiff's counsel in an attempt to resolve or narrow the issues in its motion. Therefore, the Court should deny Defendant's motion.

-4/7-

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

**B. Preliminarily, The Court Should Deny Defendant's Motion Because The Court Has Already Denied The Same Exact Motion And Defendant Has Not Shown Exceptional Circumstances To Reopen The Court's Denial.**

The Court should deny Defendant's motion because the Court already denied the relief requested of the exact same documents and on the exact same case law. At the November 6 conference, Defendant requested an order to compel Plaintiff to produce copies of his settlement agreements with Defendants Experian Information Solutions, Inc. and Rushmore Loan Management Services, LLC. (Doc. 109 at 1.) Defendant supported its request on the authority of *Bennett v. LaPere*, 112 F.R.D. 136 (D.R.I. 1986). (*Cf.* doc. 119.) The Court found that the documents sought were not relevant because "the claims alleged against each of the defendants are premised upon individual actions such that the resulting damages sought for each statutory violation are separate and distinct." (Doc. 119.) The Court further held that *Bennett* was inapplicable because "this is not a case involving joint and several liability, nor is there any question of potential offsets." (*Id.*)

Because the Court ruled that the documents are not relevant, Defendant had to make a showing of exceptional circumstances in order for the Court to revisit its prior ruling. In this motion, Defendant has failed to show —or even hint— that such exceptional circumstances exist. To show that exceptional circumstances existed here, Defendant had to "show that controlling legal authority has changed dramatically; proffer significant new evidence, not earlier obtainable in the exercise of due diligence; or convince the court that a blatant error in the prior decision will, if uncorrected, result in a serious injustice." *Negron-Almeda*, 579 F.3d 50. Instead, Defendant simply reiterates the exact same

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

arguments and case law from its first motion. Therefore, the Court should deny Defendant's motion inasmuch as it moves the Court to revisit its prior order.

### C. Because The Court's Order Finding The Documents Irrelevant Stands, The Court Should Not Entertain Defendant's Arguments That Its Discovery Request Is Narrowly Tailored, Not Unduly Burdensome, And Proportional.

The Court should not entertain Defendant's arguments that its discovery request is narrowly tailored and not unduly burdensome because —as the Court has already determined— the documents sought are irrelevant. Defendant argues that its "requests are narrowly tailored, seek information that is directly relevant, and are not unduly burdensome." (Doc. 121 at 4, ¶12.) Defendant further argues that the discovery requested is proportional. (*Id*. at 5-6, ¶13.)

Because relevancy is a threshold issue before discovery can be compelled, the Court should not entertain the remaining arguments raised by Defendant. Additionally, the Court should deny Defendant's "proportionality" argument because it confuses proportionality of discovery among the parties with the relevant standard of proportionality to the needs of the case. Therefore, the Court should refuse to entertain Defendant's remaining arguments.

### IV. CONCLUSION.

The Court should deny Defendant's motion because Defendant failed to meet and confer as required by L.R. 7.1(a)(2). The Court should also deny Defendant's motion because it seeks the same documents for the same arguments and under the same case law that the Court has already denied, without making the required showing of exceptional circumstances to allow the Court to revisit its order. Because the Court's order finding that

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

the documents are not relevant stands, the Court should not entertain Defendant's remaining arguments. Further, Defendant has not argued that Magistrate Judge Kelley's order was "clearly erroneous or contrary to law" as required by 28 U.S.C. §636(b)(1)(A). Respectfully submitted.

Dated: January 11, 2019

By: */s/ David A. Chami*
David A. Chami, (AZ #027585)
Admitted Pro Hac Vice
PRICE LAW GROUP, APC
8245 North 85th Way, Scottsdale, AZ 85258
Phone: 866-881-2133
Fax: 866-401-1457
david@pricelawgroup.com

By: */s/ NickYousif*
Nick Yousif, Esq. (MA# 679545)
157 Belmont Street
Brockton, MA 02301
T: (508) 588-7300
nick@yousiflaw.com
Counsel for Plaintiff

-7/7-

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents

**CERTIFCATE OF SERVICE**

I hereby certify that this document filed through the ECF System will be sent electronically to the registered participants as identified on this Notice of Electronic Filing (NEF) on January 11, 2019.

*/s/ David A.Chami*

-1/1-

*Sullivan v. Experian Information Solutions, Inc., et al.*
Plaintiff's Opposition To Defendant Selene Finance LP's
Motion To Compel Plaintiff To Produce Documents