UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| ROBERT SULLIVAN,<br>  Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., RUSHMORE LOAN MANAGEMENT SERVICES LLC, SELENE FINANCE LP and DOES 1 TO 10, inclusive,<br>  Defendants. | C.A. No. 16-CV-11719-MLW |
|---|---|

**MOTION OF SELENE FINANCE LP**
**TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL**

Selene Finance LP ("Selene") moves to amend the Court's order dated October 16, 2020, ECF No. 132 (the "Order"), to certify for interlocutory appeal the question of whether the denial of summary judgment was proper. Whether Selene should be liable pursuant to the FCRA and FDCPA is a controlling question of law that would materially advance the ultimate resolution of this litigation and has not been consistently decided by the First Circuit Court of Appeals ("First Circuit"). Selene does not fall within the parameters of the FCRA because it accurately reported the Plaintiff's status to credit agencies and is not subject to the FDCPA because it cannot be deemed a "debt collector" since it was merely attempting to exercise its rights as to the mortgage. Selene respectfully requests that the Court grant permission to appeal under 28 U.S.C. § 1292(b).

1

## STANDARDS FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL

The Court's approval is required because the Order is neither a "final decision" under 28 U.S.C. § 1291 nor an order for which Congress has specifically authorized an interlocutory appeal, such as an order granting, denying, or modifying an injunction, under 28 U.S.C. § 1292(a).  Courts may approve the interlocutory appeal of an order not otherwise appealable when the order involves "'a controlling question of law,' (2) 'as to which there is substantial ground for difference of opinion,' and (3) for which 'an immediate appeal from the order may materially advance the ultimate termination of the litigation.'" Caraballo-Seda v. Municipality of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005). The decision to permit an interlocutory appeal under § 1292(b) is within the District Court's discretion. See Swint v. Chambers Cnty. Comm'n, 514 U.S. 35, 47 (1995); 16 CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 3929 (3d ed. 2017) (explaining that § 1292(b) "is not limited by its language to 'exceptional' cases," but rather is characterized by its flexibility).  If the original order does not identify a question of law suitable for interlocutory appeal, it may be amended to include the requisite language. Fed. R. App. P. 5(a)(3).  Appeal to the First Circuit under § 1292(b) is proper here because the Order is not final and does not grant or deny an injunction. Interlocutory appeal is likewise appropriate because the Order satisfies all three elements of § 1292(b).

## THE ORDER INVOLVES A CONTROLLING QUESTION OF LAW REGARDING WHETHER SELENE HAS VIOLATED THE FCRA OR FDCPA

The Order involves a controlling question of law. "'[A] question of law is 'controlling' if reversal of the District Court's order would terminate the action.'" Philip

2

Morris Inc. v. Harshbarger, 957 F. Supp. 327 (1st Cir. 1997) citing Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (2d Cir. 1990).  In this case if the First Circuit were to reverse the District Court regarding whether Selene has violated the FCRA and FDCPA then the litigation would be dismissed and terminated as these are the only remaining counts in this action.  As has been argued in its memorandum of law in support of summary judgment Selene maintains that pursuant to the FCRA it reported the Plaintiff's status to credit agencies in an accurate manner which would preclude any liability on the part of Selene and Selene cannot be liable pursuant to the FDCPA because the debt is no longer a consumer debt.  "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." Bank of New York v. Hoyt, 108 F.R.D. 184, 188 (D.R.I. 1985) "'Controlling' means serious to the conduct of the litigation, either practically or legally…" Id. at 188-189 quoting Katz v. Carte Blanche Corp., 496 F.2d 747, 755 (3d Cir. 1974)).  Here, the reversal of the Order would conclude the case resulting in a dismissal of the action and is therefore controlling.

**THERE IS A SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION**

An interlocutory appeal under § 1292(b) is also warranted because "a substantial ground for difference of opinion" exists with respect to whether Selene violated the FCRA and the FDCPA. As explained in prior briefs to this Court, Selene maintains that if the law is applied to the undisputed facts it could not have violated the FCRA or FDCPA. See, e.g., Defendant's Motion for Summary Judgment (November 2, 2017), ECF No. 42;

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (March 14, 2018), ECF. 82. There is stark disagreement as to the legal application of Chiang v. Verizon New England Inc., 595 F.3d 26, 38 (1st Cir.2010) as well as DeAndrade v. Trans Union LLC, 523 F.3d 61. 67 (1st Cir.2008). Chiang was decided by Justice Douglas Woodlock and DeAndrade was decided by Justice William Smith. Both cases were affirmed by the First Circuit Court of Appeals. Selene maintains that a proper analysis of Chiang and DeAndrade supports Selene's argument that it cannot be liable under the FCRA since it reported the status of the Plaintiff's credit accurately. Moreover, Selene relies heavily on a decision issued by Judge Dennis Saylor. Lance v. PNC Bank, N.A., 2015 WL 5437090, (D.Mass.) (Saylor, J.). Lance stands for the proposition that Selene could not have violated the FCRA because the Plaintiff continued to have an in rem "debt" and credit relationship with Selene and therefore Selene could not have violated the FCRA. As such, the orders issued by Magistrate Judge Kelley and Judge Wolf are at odds with three decisions from the First Circuit. There are grounds for a substantial difference of opinion with regard to liability pursuant to the FDCPA because both Judge Kelley and Judge Wolf have issued decisions contrary to the plain meaning of federal statutes, namely 15 U.S.C. §1692(e) et seq. and 15 U.S.C. §1692a, et seq. The only conclusion which can be made after an application of the undisputed facts to these statutes is that Selene cannot be a "debt collector" and is therefore not liable under the FDCPA. In addition, the decisions of Judge Kelley and Judge Wolf run contrary to the holdings in the cases of Speleos v. BAC Home Loan Servicing, LP, 824 F.Supp.2d 226 (D.Mass. 2011) and Shaw v. Bank of Am. NA, No. 10-cv-11021, 2015 U.S. Dist.LEXIS 4929 (D.Mass.Jan.15, 2015). Speleos was decided by

Justice Nathaniel Gorton and Shaw was decided by Justice Denise Casper.  There exists a divergent interpretation of the law in the First Circuit regarding the applicability of the FCRA and FDCPA as it pertains to Selene's case.

### AN IMMEDIATE APPEAL OF THE ORDER WOULD MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THIS LITIGATION

An immediate interlocutory appeal under § 1292(b) would materially advance the ultimate termination of this case as it would eliminate the need for further proceedings in this Court. "[T]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." 16 Charles Alan Wright et al., Federal Practice and Procedure § 3930 at 432 (2d ed. 1996). 16 WRIGHT, ET AL., supra, § 3930 (explaining that the two elements are "closely tied").  If the First Circuit were to conclude that the Order should be reversed the Plaintiff's case would be dismissed.

### CONCLUSION

Selene respectfully requests that the Court amend its order of October 16, 2020 to state that the Order involves a controlling question of law regarding whether Selene is liable pursuant to the FCRA and the FDCPA as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

                        Respectfully submitted,

                        SELENE FINANCE LP,

                        By its attorneys,

                        DEMERLE HOEGER LLP,

                        */s/ John T. Precobb, Esq.*
                        John T. Precobb, Esq. (BBO#561931)
                        Richard C. Demerle, Esq. (BBO#652242)
                        10 City Square
                        Boston, MA 02129
                        (617) 337-4444
                        Jprecobb@dhnewengland.com

DATE: November 18, 2020

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br>        Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., RUSHMORE LOAN MANAGEMENT SERVICES LLC, SELENE FINANCE LP and DOES 1 TO 10, inclusive,<br>        Defendants. | C.A. No. 16-CV-11719-MLW |

CERTIFICATE OF SERVICE

I, John T. Precobb, Esq. hereby certify that I have this 18th day of November 2020 served Motion of Selene to Certify Order for Interlocutory Appeal and this Certificate of Service by causing copies hereof to be sent by electronic mail via the electronic court filing system (ECF) and by first-class U.S. mail (M) to all parties not appearing electronically but entitled to service per the Federal Rules of Civil Procedure.

| | |
|---|---|
| David A. Chami, Esq.<br>Price Law Group, APC<br>1204 E. Baseline Rd., Suite 102<br>Tempe, AZ 85283 (ECF) (ECF) | Nicola S. Yousif, Esq.<br>157 Belmont Street<br>Brockton, MA 02301 (ECF) |

                                        /s/ John T. Precobb, Esq.
                                        John T. Precobb, Esq.