UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SULLIVAN,
        Plaintiff,


        v.                                               CIVIL ACTION NO. 16-11719-MPK[1]


EXPERIAN INFORMATION SOLUTIONS, INC.,
RUSHMORE LOAN MANAGEMENT SERVICES, LLC,
SELENE FINANCE LP,
And DOES 1 TO 10, INCLUSIVE,
        Defendants.


MEMORANDUM AND ORDER ON MOTION OF SELENE FINANCE LP
TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL (#145).

KELLEY, U.S.M.J

I.  Introduction.

This is a consumer credit case. Robert Sullivan originally filed a complaint against Experian

Information Services, Inc. (Experian), Rushmore Loan Management Services, LLC (Rushmore),

and Selene Finance LP (Selene), alleging violations of the Fair Credit Reporting Act (the FCRA),

15 U.S.C. § 1681 *et seq.*, Mass. Gen. L. c. 93 § 54, and the Fair Debt Collection Practices Act (the

FDCPA), 15 U.S.C. § 1692 *et seq*. (#1 ¶ 1.) Selene is the sole defendant remaining in the case.

Plaintiff alleges violations of the FCRA (Count I) and FDCPA (Count IV) against Selene.

After mediation was unsuccessful, Selene renewed its motion for summary judgment (#113) which

plaintiff opposed. (#114.) On July 2, 2019, the undersigned issued a Report and Recommendation

---

[1] With the parties' consent (#138), on November 16, 2020, this case was reassigned to the undersigned for all purposes, including trial and the entry of judgment. (#142.)

(R&R) to the district judge to whom the case was then assigned, recommending that Selene's motion be denied in its entirety. (#126.) Selene timely objected to the R&R. (#127.)

On October 16, 2020, Judge Wolf adopted the R&R in a nineteen-page Memorandum and Order (Memo). (#132.) On November 16, 2020, Selene filed a Notice of Appeal as to Judge Wolf's Memo, and two days later filed a Motion to Certify Order for Interlocutory Appeal. (#145.) With plaintiff's opposition having been filed (#146), the motion to certify stands ready for decision.

## II. <u>The Law</u>.

Title 28 U.S.C. § 1292(b) provides, in relevant part, that "[w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. . . ." *See Microsoft Corp. v. Baker,* 137 S. Ct. 1702, 1708 (2017) ("The Interlocutory Appeals Act of 1958, 28 U.S.C. § 1292(b), . . . created a two-tiered screening procedure to preserve this relationship [between the respective courts] and to restrict the availability of interlocutory review to appropriate cases." (internal citation and quotation marks omitted)). The Supreme Court has characterized § 1292(b) as "according the district courts circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 46 (1995). As explained by the First Circuit:

> Interlocutory appeals under § 1292(b) require an order (1) "involv[ing] a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) for which "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). We have repeatedly emphasized that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority."

*Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (quoting *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986) (further citations omitted)); *Waters v. Day & Zimmermann NPS, Inc.*, No. CV 19-11585-NMG, 2020 WL 4754984, at **1-2 (D. Mass. Aug. 14, 2020); *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 6051442, at *3 (D. Mass. Nov. 15, 2019).

### III. <u>Discussion</u>.

Familiarity with the facts, the Memo, and the R&R is assumed. To recap briefly, Sullivan's debts, including his residential mortgage, were discharged in bankruptcy in August 2007. To avoid losing his home to foreclosure, plaintiff executed a Foreclosure Repayment Agreement with his then mortgage holder, and later signed a permanent loan modification agreement with a subsequent loan servicer. A dispute arose regarding payments under the loan modification agreement and, when the loan was ultimately transferred to Selene in August 2014, Selene began sending notices of delinquency and eventually, in 2016, a notice of default and notice of intent to foreclose.

In April 2016, Sullivan obtained a copy of his credit report which reflected that Selene had reported his mortgage as late from December 2014 to January 2016 and that foreclosure proceedings had commenced. The credit report did not indicate that plaintiff's personal obligation on the mortgage had been discharged in bankruptcy but alluded to the fact that he was individually responsible for the mortgage payments because the term "individual" was included directly under the section of the report labeled "responsibility." Sullivan disputed the accuracy of Selene's reporting to Experian, and the disputed information was eventually deleted from his credit report.

A. <u>Count I – Fair Credit Reporting Act Claim</u>.

Selene contends that because it reported plaintiff's credit status to credit reporting agencies in an accurate manner, it cannot incur any liability under the FCRA. (#145 at 3.) This argument has twice been rejected. As indicated in both the Memo and the R&R:

> [T]he issue of whether Selene was <u>allowed</u> to report the outstanding debt and foreclosure without reporting the bankruptcy is not the relevant inquiry under §1681s-2(b). A credit report that is misleading, even if "technically accurate," can qualify as not accurate under the FCRA. . . . [P]laintiff's credit report did not indicate that plaintiff's personal obligation on the mortgage had been discharged in bankruptcy, and included "individual" in the section of the report labeled "responsibility." Here, regardless of whether Selene was "allowed" to report the information regarding plaintiff's mortgage to CRAs in this way, the credit report could, in the view of a reasonable juror, be deemed misleading because it suggested that plaintiff was personally responsible for this loan.

(#132 at 10-11 (citations omitted; emphasis in original); #126 at 11 ("[A] reasonable jury may conclude that plaintiff's credit report was sufficiently misleading to trigger the protections of § 1681s-2(b), notwithstanding whether Selene could permissibly report the outstanding debt and foreclosure without reporting the bankruptcy.").) Selene's focus notwithstanding, the Memo and the R&R made clear that the issue was not whether Selene could report the debt and foreclosure as it did under the FCRA; the issue was whether the manner in which Selene reported the debt and foreclosure, even if permissible, was misleading. Genuine issues of material fact were found to be extant precluding the entry of judgment as a matter of law. *See* #132 at 11; #126 at 11. Specifically, there were issues of fact with respect to whether Selene's credit report was misleading, even if technically accurate, and with regard to the reasonableness of Selene's investigation after Sullivan disputed its reporting. (#132 at 11-12; #126 at 11-12.)

With no supporting analysis, Selene asserts that the Memo and R&R "are at odds with three decisions from the First Circuit": *Chiang v. Verizon New England Inc.*, 595 F.3d 26 (1st Cir. 2010), *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008), and *Lance v. PNC Bank, N.A.,* 2015

WL 5437090 (D. Mass. Sept. 15, 2015). (#145 at 4.) However, the cited cases are distinguishable. In *Chiang*, the First Circuit found that plaintiff's claims "present[ed] pure questions of law." *Chiang*, 595 F.3d at 34. Here, genuine issues of material fact exist. The remaining claim in *DeAndrade* was against Trans Union LLC, a consumer reporting agency, not a furnisher like Selene. *DeAndrade,* 523 F.3d at 64. The *Lance* case involved not the FCRA, but a claim for violation of a bankruptcy discharge injunction under 11 U.S.C. § 524, as well as various state law claims, based on the purported improper reporting of a residential mortgage loan. *Lance,* 2015 WL 5437090, at *1. The decision is essentially inapposite because, as noted in the Memo, "[t]hat reporting of a discharged debt to CRAs may not constitute a violation of a bankruptcy discharge injunction does not mean that this information cannot constitute the basis of a § 1681s2-(b) claim if reported in a misleading fashion." (#132 at 12.)

B. Count IV - Fair Debt Collection Practices Act.

Selene argues that the Memo and the R&R are "contrary to the plain meaning of federal statutes, namely 15 U.S.C. § 1692(e), *et seq*. and 15 U.S.C. § 1692(a), *et seq*.," because Selene cannot be deemed a "debt collector" under the statutes and so cannot be liable under the FDCPA. (#145 at 4.) Apart from this bald statement, Selene offers nothing to undermine the legal analyses and reasoning detailed in the Memo and the R&R that reach a contrary result. (#132 at 13-17; #126 at 13-14.) Moreover, as with Count I, the summary judgment motion on Count IV was denied due to outstanding issues of material fact.

The argument that the Memo and the R&R "run contrary" to holdings in two other district court cases, an apparent attempt to demonstrate a "divergent interpretation of the law," is unpersuasive. (#145 at 4.) As explained at length in the Memo, the decision in *Shaw v. Bank of Am., NA*, No. 10-cv-11021, 2015 U.S. Dist. LEXIS 4929 (D. Mass. Jan. 15, 2015), is

distinguishable. (#132 at 15-18.) So, too, is the decision in *Speleos v. BAC Home Loan Servicing, LP*, 824 F. Supp.2d 226 (D. Mass. 2011), which involved a claim against a credit reporting agency under the FCRA, not the FDCPA.

IV. <u>Conclusion</u>.

By its motion, Selene seeks to appeal decisions with which it disagrees. However, this case does not involve a "controlling question of law,"[2] but rather a dispute over issues of fact. Defendant has failed to establish exceptional circumstances here that would warrant interlocutory certification under 28 U.S.C. § 1292(b).

For the reasons stated, the Motion of Selene Finance LP to Certify Order for Interlocutory

---

[2] As defined in a recent decision:

> A question of law is "controlling" if reversal would terminate the action. *Phillip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997). Even if reversal does not lead to total resolution, however, a question may be controlling if reversal would dramatically alter the scope of the case. *Id.* (noting that even in the event that a reversal would "leave something of the case ... the scope of the case would be so significantly altered that it would still be appropriate to call the [relevant] question controlling").

> Furthermore, a controlling question typically implicates a pure legal principle that can be resolved without extensive consultation to the record and commonly involves "a question of the meaning of a statutory or constitutional provision." *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. 15-c-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016). Such a question generally promotes the possibility of "curtailing and simplifying pretrial or trial". *Id.* (quoting 16 Charles Alan Wright et al., *Federal Practice and Procedure* § 3930 (3d ed.)).

*Waters*, 2020 WL 4754984, at *2.

Appeal (#145) is DENIED.


January 4, 2021

/s/ M. Page Kelley
M. Page Kelley
Chief United States Magistrate Judge