UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT SULLIVAN,
    Plaintiff,

v.                              CIVIL ACTION NO. 16-11719-MPK

SELENE FINANCE, LP,
    Defendant.

## ORDER SETTING CASE FOR TRIAL

June 15, 2021

Kelley, U.S.M.J.

It is ORDERED that the trial of this action will commence on **November 29, 2021 at 9:00 a.m.** in Courtroom 24 on the seventh floor. Trial will be conducted on the following schedule: **9:00 a.m. to 1:00 p.m.** until its conclusion.[1] The parties should consider the date to be a firm trial date and plan accordingly.

1. Pursuant to Fed. R. Civ. P. 16 and Local Rule 16.5, it is further ORDERED that counsel shall appear for a Final Pretrial Conference on **October 29, 2021 at 11:00 a.m.** in Courtroom 24 on the seventh floor. Unless excused by the Court, each party shall be represented at the Final Pretrial Conference by counsel who will conduct the trial.

2. In accordance with Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), the parties shall disclose to one another, by no later than the close of business on **September 29, 2021**:

---

[1] The parties should be prepared to be in court all day on the first day of trial.

    A.     All photographs, documents, instruments and other objects either party intends to offer as exhibits at trial, other than solely for impeachment;

    B.     The names, addresses and telephone numbers of witnesses each party intends to call at trial, including expert witnesses;

    C.     The names of witnesses, if any, whose testimony is to be presented by means of deposition, an identification by inclusive page and lines of those portions of the deposition testimony to be offered at trial, and a transcript of the pertinent portions of the deposition testimony.

3. Following the disclosures made pursuant to the previous paragraph, the parties shall serve upon one another, by no later than the close of business on **October 6, 2021**, a list describing any objections to the proposed exhibits and witnesses described in paragraph 2 above and the grounds therefor. Pursuant to Local Rule 16.5(C), these objections shall be one of the subjects of the pre-Final Pretrial Conference meeting (see ¶ 4 infra) and if not resolved, shall be presented to the Court in the parties' trial briefs. Objections not so disclosed, other than objections pursuant to Rules 402 and 403 of the Federal Rules of Evidence, may be waived according to Fed. R. Civ. P. 26(a)(3), unless excused by the Court for good cause.

4. Pursuant to Local Rule 16.5(D), the parties shall meet personally on or before **October 13, 2021**, to discuss and negotiate settlement of the action, to narrow the issues to be tried, and to prepare a joint pretrial memorandum as described below.

5. The parties shall prepare and file no later than **October 20, 2021**, a Joint Pretrial Memorandum which sets forth the following issues pursuant to Local Rule 16.5(D):

    A.     The names, addresses and telephone numbers of trial counsel;

B. Whether the case is to be tried with or without a jury;

C. A concise summary of the evidence which will be offered by the parties with respect to both liability and damages (including special damages, if any);

D. A statement of facts established by the pleadings, by admissions, or by stipulations;

E. Any factual issues in dispute;

F. Any jurisdictional questions;

G. Any questions raised by pending motions;

H. Issues of law, including evidentiary questions, together with supporting authority;

I. Any requested amendments to the pleadings;

J. Any additional matters to aid in the disposition of the action;

K. The probable length of trial;

L. The names of all witnesses to be called, the purpose of the testimony of each witness (i.e., factual, expert, etc.) and whether the testimony of any such witness is to be presented by deposition. Unless the qualifications of any expert witness are stipulated, a statement of the qualifications shall be included;

M. Utilizing disclosures made pursuant to paragraphs 2 and 3 above, counsel shall include in their memorandum a "List of Uncontested Exhibits" (photographs, documents, instruments and all other objects as to which there appear to be <u>no objections</u>), in order of their anticipated introduction to the Court, identified and marked by a single sequence of numbers regardless of which party is the proponent;

N. Utilizing disclosures made pursuant to paragraphs 2 and 3 above, counsel shall include in their memorandum a "List of Exhibits to be Offered at Trial" of exhibits

        to which any party reserves the right to object, identified and marked by a single sequence of capital letters regardless of which party is the proponent; and

    O.    The parties' respective positions on any remaining objections to the evidence identified in the pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) and Local Rule 16.5(C), as well as any deposition testimony being offered.

6.    Joint Proposed Jury Instructions. If the case is to be tried to a jury, the parties shall confer and reach an agreement on each proposed jury instruction. In the event the parties cannot agree upon one or more of the proposed instructions, they may submit alternative proposed instructions which shall contain citations to legal authority to support the particular language employed. Proposed instructions are not required on preliminary matters such as burden of proof and credibility. Such proposed jury instructions shall be filed no later than **October 20, 2021**. A party may submit proposed instructions during trial _only_ if the evidence develops other than as reasonably anticipated. In the event a party wishes to submit additional proposed instructions during trial on matters that could have been reasonably anticipated, the party should seek _and_ obtain leave of court _before_ submitting any such instructions.

7.    No later than **October 20, 2021**, each party shall prepare and file the following:

    A.    Motions _in limine_ or other requests regarding foreseeable disputes concerning evidentiary issues, including authority for the ruling requested.

    B.    In cases to be tried to a jury, a trial brief setting forth:

        i.    A succinct and neutral statement summarizing the principal claims and defenses of the parties to be read to the _venire_ during empanelment;

        ii.    Any proposed questions for the _voir dire_ examination of the jury;

        iii.    Any proposed interrogatories or special verdict form.

8. Immediately upon receipt of this Order, any counsel who realizes that one or more attorneys in the case have not been notified shall forthwith notify the additional attorney(s) in writing as to the entry of this Order, and shall file a copy of the writing with the Clerk.

9. The judiciary's privacy policy restricts the publication of certain personal data in documents filed with the court. The policy requires limiting Social Security and financial account numbers to the last four digits, using only initials of the names of minor children, limiting dates of birth to the year, and limiting home addresses to city and state. If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse. The better practice is for counsel to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

10. The timely filing of these trial documents is required. **Failure to comply with any of the directions set forth above may result in judgment or dismissal or default or the imposition of other sanctions deemed appropriate by the Court**.

        /s/ M. Page Kelley
        M. PAGE KELLEY
        CHIEF UNITED STATES MAGISTRATE JUDGE