UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, *et al.*,<br><br>    Defendants. | No. 1:16-cv-11719-MPK<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING CREDIT DENIALS OCCURING PRIOR TO PLAINTIFF'S DISPUTE LETTERS and INCORPORATED MEMORANDUM**<br><br>Case filed: August 23, 2016<br>Hon. M. Page Kelley |

    Pursuant to Federal Rules of Evidence 104(a), Plaintiff Robert Sullivan ("Mr. Sullivan" or "Plaintiff"), by and through his undersigned attorneys, respectfully moves *in limine* to exclude from trial evidence regarding credit applications denied to Mr. Sullivan prior him submitting dispute letters to Defendant Selene Finance LP ("Selene"). In support, Mr. Sullivan incorporates his Memorandum below.

**MEMORANDUM**

As set forth by the original Complaint and refined by the dispositive motions filed before this Court by both sides, Mr. Sullivan seeks judgment and damages at trial for Defendant Selene Finance LP's ("Selene") violation of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Mr. Sullivan will prove that Selene failed to correct patently inaccurate reporting on Mr. Sullivan's credit after receiving Mr. Sullivan's dispute letter. *See* 15 U.S.C. § 1681s-2(b). Mr. Sullivan's home loan was discharged in Chapter 7 bankruptcy, but Selene affirmatively reported the loan as individually owed on Mr. Sullivan's credit report. Mr. Sullivan will also prove that Selene misrepresented the legal nature of the discharged debt, both to the public (through inaccurate credit reporting), and to Mr. Sullivan personally (through inaccurate debt collection communications). *See* 15 U.S.C. § 1681e. Finally, Mr. Sullivan will prove that Selene's communications sent to Mr. Sullivan were harassing, misleading to the least sophisticated consumer, and were attempts to collect a debt that Selene could not legally collect. *Id.*, §§ 1692d and 1692f. These actions, if proven, carry statutorily defined damages. *See* 15 U.S.C. §§ 1681n, 1681o, and 1692k.

Mr. Sullivan seeks to exclude all evidence, questions, testimony, and possible discussion regarding any denials of credit occurring prior to submitting his dispute letters to Selene. Discussion about such denials would (1) be purely speculative, (2) be irrelevant to this case, and (3) prejudice Mr. Sullivan's case by confusing and misleading the jury.

First, the reasons for any such credit denials (occurring before Mr. Sullivan's dispute) are not available to the parties or the jury. Therefore, any intimations into those unknown reasons would be pure speculation. There are countless possible reasons for a creditor to deny a consumer's application for credit, and raising any such denials at trial, without the ability for either party to offer sufficient explanation for their existence, would introduce unnecessary confusion into an otherwise simple case.

Second, denials that occurred prior to Mr. Sullivan's dispute letter are irrelevant to this case. Furnishers (such as Selene) are only liable in private action under the FCRA for damages inflicted on consumers **after** receipt of communication disputing the accuracy of furnished information. *See* 15 U.S.C. § 1681s-2(b); *Barrepski v. Capital One Bank*, 439 F. App'x 11, 3 (1st Cir. 2011) ("The furnisher's […] period of liability, begins ONLY upon the furnisher's receipt of notice"). Credit denials occurring prior to Selene's period of liability are therefore irrelevant to any question of fact to be determined by the jury.

Finally, the only use for such evidence would be an attempt to convince the jury that, if Mr. Sullivan had already been denied credit prior to Selene's violation of the FCRA, credit denials after Selene's violations were not damaging to Mr. Sullivan. This would be inappropriate. Mr. Sullivan is not asserting damages for credit denials. He is asserting damages for harm to his reputation, as well as emotional and mental distress caused by Selene's decision to ignore his attempts to correct the inaccurate reporting. Evidence regarding prior credit denials (1) has no tendency to make more likely the facts that Mr. Sullivan suffered emotional damages and harm to his reputation, and (2) is of absolutely no consequence in determining the same. FRE 401(a)-(b). Introducing evidence of credit denials occurring prior to the period of Selene's liability would confuse the issues, misleading the jury by shifting the focus away from Mr. Sullivan's actual claims: That inaccurate information was published by Selene to him and others, that his attempts to fix such inaccurate information were completely ignored, and that Selene employed unfair debt collection practices against Mr. Sullivan.

It is in the best interest of justice, the parties, and this Court to keep the dispute at issue in this case in focus at trial. The nonexistent probative value of evidence pertaining to prior credit denials is substantially outweighed by the danger that it will confuse the jury and cause undue prejudice to Mr. Sullivan's case. FRE 403.

Therefore, Mr. Sullivan respectfully requests this Court exclude any evidence regarding credit applications denied to Mr. Sullivan prior him submitting dispute letters to Selene on the grounds that such evidence is speculative, irrelevant, and prejudicial.

Date: October 29, 2021                            BY: /s/ *David A. Chami*
                                                  David A. Chami, AZ #027585
                                                  Price Law Group, APC
                                                  8245 N. 85th Way
                                                  Scottsdale, AZ 85258
                                                  T: (818) 600-5515
                                                  E: david@pricelawgroup.com

                                                  Nick Yousif (MA# 679545)
                                                  Law Offices of Attorney Nick Yousif,
                                                  LLC 157 Belmont Street
                                                  Brockton, MA 02301
                                                  Telephone: (508) 588-7300
                                                  E-Mail: nick@yousiflaw.com

                                                  *Attorneys for Plaintiff*
                                                  *Robert Sullivan*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

                                          PRICE LAW GROUP, APC

                                          By: /s/ *Florence Lirato*
                                          Florence Lirato