# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br><br>            Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, *et al.*,<br><br>            Defendants. | No. 1:16-cv-11719-MPK<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE REFERENCE TO PLAINTIFF'S SETTLEMENTS WITH SINCE-DISMISSED CO-DEFENDANTS and INCORPORATED MEMORANDUM**<br><br>Case filed: August 23, 2016<br>Hon. M. Page Kelley |

Pursuant to Federal Rules of Evidence 104(a), Plaintiff Robert Sullivan ("Mr. Sullivan" or "Plaintiff"), by and through his undersigned attorneys, respectfully moves *in limine* to exclude from trial any reference to his settlements with since-dismissed co-defendants Experian Information Solutions, Inc. ("Experian") and Rushmore Loan Management Services, LLC ("Rushmore"). In support, Mr. Sullivan incorporates his Memorandum below.

## **MEMORANDUM**

As set forth by the original Complaint and refined by the dispositive motions filed before this Court by both sides, Mr. Sullivan seeks judgment and damages at trial for Defendant Selene Finance LP's ("Selene") violation of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Mr. Sullivan will prove that Selene failed to correct patently inaccurate reporting on Mr. Sullivan's credit after receiving Mr. Sullivan's dispute letter. *See* 15 U.S.C. § 1681s-2(b). Mr. Sullivan's home loan was discharged in Chapter 7 bankruptcy, but Selene affirmatively reported the loan as individually owed on Mr. Sullivan's credit report. Mr. Sullivan will also prove that Selene misrepresented the legal nature of the discharged debt, both to the public (through inaccurate credit reporting), and to Mr. Sullivan personally (through inaccurate debt collection communications). *See* 15 U.S.C. § 1681e. Finally, Mr. Sullivan will prove that Selene's communications sent to Mr. Sullivan were harassing, misleading to the least sophisticated consumer, and were attempts to collect a debt that Selene could not legally collect. *Id.*, §§ 1692d and 1692f. These actions, if proven, carry statutorily defined damages. *See* 15 U.S.C. §§ 1681n, 1681o, and 1692k.

Mr. Sullivan seeks to exclude any reference to his settlements with Experian and Rushmore. The entry of such agreements as evidence for or against Selene's liability is barred by FRE 408, and discussion about such settlements (1) would be irrelevant and would prejudice Mr. Sullivan's case by confusing and misleading the jury, and (2) has already been preempted by this Court's repeated denial of Selene's requests for copies of the settlement agreements between Mr. Sullivan and Selene's since-dismissed co-defendants.

Regarding relevance, the fact that Mr. Sullivan settled with Experian and Rushmore in this case, and any discussion as to the specifics of his settlement agreements with either party, is completely irrelevant to the factual issues before the jury in this case: (1) whether Selene inaccurately reported the discharged debt as being individually owed by Mr. Sullivan, (2) whether Selene conducted a reasonable investigation after receiving

Mr. Sullivan's dispute, and (3) whether Selene employed unfair debt collection practices in attempting to collect on a debt that was not owed. FRE 401(a)-(b).

Selene's presumptive response is that Mr. Sullivan's prior recovery (if any) from Experian and Rushmore is relevant to the jury's determination of damages and to prevent Mr. Sullivan from receiving "double recovery." This is wrong. The federal laws under which Mr. Sullivan brings his claims against Selene carry internally limited, statutorily delineated damages. The FCRA limits each defendant's liability to "an amount equal to the sum of—any actual damages sustained by the consumer as a result of the [defendant's] failure…" 15 U.S.C. §§ 1681n(a) & 1681o(a). The FDCPA similarly limits a defendant's liability to "any actual damage sustained by [the plaintiff] as a result of [the defendant's] failure…" 15 U.S.C. 1692k(a). Any purported risk of "double recovery" can therefore be mitigated by a simply jury instruction with the above-quoted sections of the FCRA and FDCPA.

Further, any decisions regarding double recovery are to be made by the Court **after** the entry of a jury verdict. *See Midwest Precision Services, Inc. v. PTM Industries Corp.*, 887 F.2d 1128, 1138 (1st Cir. 1989) ("[T]he issue of double recovery should be resolved after rather than before the jury has returned a verdict on each claim.").

Regarding prejudice, the only use for such evidence would be an improper attempt to blame the empty chairs left behind by Experian and Rushmore for the damage caused by Selene's own violation of federal law. The nonexistent probative value of Mr. Sullivan's settlement agreements with Experian and Rushmore is substantially outweighed by the danger that it will confuse the jury and cause undue prejudice to Mr. Sullivan's case. FRE 403.

Further, Mr. Sullivan notes that entry of evidence regarding his settlement agreements at trial for purposes of determining causation is barred by FRE 408. As the First Circuit has held,

> [i]f the policies underlying Rule 408 mandate that settlements may not be admitted against a defendant who has recognized and settled a third party's

claim against him, it is axiomatic that those policies likewise prohibit the admission of settlement evidence against a plaintiff who has accepted payment from a third party against whom he has a claim.

*McInnis v. A.M.F., Inc.*, 765 F.2d 240, 247 (1st Cir. 1985). "A number of recent federal cases have adopted this position, holding that Rule 408 bars evidence of settlements between plaintiffs and third party joint tortfeasors or former co-defendants." *Id.* (citing *Quad/Graphics, Inc., v. Fass*, 724 F.2d 1230, 1235 (7th Cir. 1983) (evidence of plaintiff's settlement with the two defendants in contract action not admissible at trial of remaining defendants); *McHann v. Firestone Tire Rubber Co.*, 713 F.2d 161, 165-66 (5th Cir. 1983) (Plaintiff's covenant not to sue service station was not admissible in products liability action against defendant tire manufacturer); *United States v. Contra Costa County Water District*, 678 F.2d 90, 92 (9th Cir. 1982) (in suit by United States against water district for cost of erecting wall necessitated by actions of landowner, evidence of settlement between United States and landowner not admissible).

In *McInnis*, the First Circuit reversed the district court's judgment based in large part on its allowance of the entry of evidence regarding the plaintiff's settlement with co-defendants. *McInnis*, 765 F.2d at 248-49 ("Causation in fact is an integral component of a tort claim; without causation there can be no liability. […] Whether cast in terms of 'causation', 'responsibility', or the 'validity of the claim', the defendants wanted the jury to conclude from the fact of settlement that the defendants could not be held liable for the [plaintiff's injury]. This clearly flouts the most basic policies underlying Rule 408.").

Finally, Mr. Sullivan notes that any discussion at trial pertaining to the contents of the settlement agreements between himself and Selene's since-dismissed co-defendants has been rendered impossible by this Court's repeated denial of Selene's requests to obtain copies of the same. *See* doc. 119 (denial of first motion to compel production of settlement agreements); doc. 125 (denial of second motion to compel production of settlement agreements); doc. 141 (denial of motion for leave to appeal denial of motion to compel). The Court has thrice denied Selene's baseless fishing expedition into the details of Mr. Sullivan's separate settlement agreements. Any discussions regarding the

contents of the same would lack foundation per se and should be preemptively excluded by the Court.

> For the foregoing reasons, Mr. Sullivan respectfully requests this Court exclude any reference to his settlements with since-dismissed co-defendants Experian and Rushmore on the grounds that such evidence is irrelevant, prejudicial, and barred by Rule 408.

Date: October 29, 2021

BY: /s/ *David A. Chami*
David A. Chami, AZ #027585
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
E: david@pricelawgroup.com

Nick Yousif (MA# 679545)
Law Offices of Attorney Nick Yousif,
LLC 157 Belmont Street
Brockton, MA 02301
Telephone: (508) 588-7300
E-Mail: nick@yousiflaw.com

*Attorneys for Plaintiff*
*Robert Sullivan*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

PRICE LAW GROUP, APC

By: <u>/s/ *Florence Lirato*</u>
Florence Lirato