UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br><br>      Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, *et al.*,<br><br>      Defendants. | No. 1:16-cv-11719-MPK<br><br>**PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE ASSERTION THAT PLAINTIFF WAS LIABLE FOR DISCHARGED DEBT and INCORPORATED MEMORANDUM**<br><br>Case filed: August 23, 2016<br>Hon. M. Page Kelley |

Pursuant to Federal Rules of Evidence 104(a), Plaintiff Robert Sullivan ("Mr. Sullivan" or "Plaintiff"), by and through his undersigned attorneys, respectfully moves *in limine* to exclude the introduction of suggestions, assertions, or statements that Plaintiff was or may have been personally liable for the discharged debt being reported by Defendant Selene Finance LP ("Selene"). In support, Mr. Sullivan incorporates his Memorandum below.

**MEMORANDUM**

As set forth by the original Complaint and refined by the dispositive motions filed before this Court by both sides, Mr. Sullivan seeks judgment and damages at trial for Selene's violation of the Fair Credit Reporting Act ("FCRA") and the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Mr. Sullivan will prove that Selene failed to correct patently inaccurate reporting on Mr. Sullivan's credit after receiving Mr. Sullivan's dispute letter. *See* 15 U.S.C. § 1681s-2(b). Mr. Sullivan's home loan was discharged in Chapter 7 bankruptcy, but Selene affirmatively reported the loan as individually owed on Mr. Sullivan's credit report. Mr. Sullivan will also prove that Selene misrepresented the legal nature of the discharged debt, both to the public (through inaccurate credit reporting), and to Mr. Sullivan personally (through inaccurate debt collection communications). These violations, if proven, carry statutorily defined damages. *See* 15 U.S.C. §§ 1681n, 1681o, and 1692k.

Mr. Sullivan seeks to exclude the introduction of evidence, assertions, suggestions, or statements that Mr. Sullivan was or may have been personally liable for the home loan being reported by Selene. Specifically, the implication that Mr. Sullivan's loan modification agreement (entered into after the bankruptcy discharge in order to stay in his home) somehow revived his personal liability should be avoided. It is black letter bankruptcy law that "a reaffirmation agreement is the only method which can be utilized to allow personal liability to survive bankruptcy." *Bessette v. AVCO Financial Services, Inc.*, 279 B.R. 442, 447 (D.R.I. 2002) (citing *Jamo v. Katahdin Federal Credit Union*, 283 F.3d 392, 398 (1st Cir. 2002)). It is therefore irrelevant to the case that Mr. Sullivan worked out an arrangement under which the servicer of the loan agreed not to exercise its right to foreclose in exchange for monthly payments. FRE 401(a)-(b). Allowing Selene to suggest to the jury that Mr. Sullivan was legally liable for the underlying debt (when the same was extinguished in bankruptcy) would only serve to confuse and mislead the jury. The nonexistent probative value of such evidence is therefore substantially

outweighed by the danger that it will confuse the jury and cause undue prejudice to Mr. Sullivan's case. FRE 403.

Therefore, Mr. Sullivan respectfully requests this Court exclude the introduction of suggestions, assertions, or statements that Plaintiff was or may have been personally liable for the discharged debt being reported by Selene on the grounds that such evidence is both irrelevant and prejudicial.

Date: October 29, 2021

BY: /s/ *David A. Chami*
David A. Chami, AZ #027585
Price Law Group, APC
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
E: david@pricelawgroup.com

Nick Yousif (MA# 679545)
Law Offices of Attorney Nick Yousif, LLC 157 Belmont Street
Brockton, MA 02301
Telephone: (508) 588-7300
E-Mail: nick@yousiflaw.com

*Attorneys for Plaintiff
Robert Sullivan*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2021, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

PRICE LAW GROUP, APC

By: /s/ *Florence Lirato*
Florence Lirato