UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN, <br><br> Plaintiff, <br><br> v. <br><br> SELENE FINANCE, LP, *et al.*, <br><br> Defendants. | No. 1:16-cv-11719-MPK <br><br> **PLAINTIFF'S PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS** <br><br> REQUEST FOR ORAL ARGUMENT |

Plaintiff, David Jennings ("Plaintiff"), pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Fed. R. Civ. P. 54(d), hereby requests that the Court award attorneys' fees and costs to Plaintiff based on Defendant Selene Finance, LP's ("Defendant") accepted Rule 68 Offer of Judgment.

Under the applicable lodestar method, the total number of hours expended by Plaintiff's counsel in this action was 618.7 hours. The total hours expended were reasonable and the hourly rates requested are comparable to the prevailing market rates in the Boston legal community for consumer protection litigators of skill equal to that of Plaintiff's counsel. Plaintiff therefore requests $365,195.00 in attorney's and paralegal/clerk fees, and $4,576.39 in costs, for a total award of $369,771.39.

1

## I.    PLAINTIFF IS ENTITLED TO AN AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS

Defendant's Rule 68 Offer of Judgment was served upon Plaintiff on November 1, 2021, and included an offer to "allow judgment to enter for Plaintiff Robert Sullivan on all claims asserted against Selene (i.e. Count 1 (violation of the Fair Credit Reporting Act) and Count III (violation of the Federal Debt Collection Practices Act))." *See* doc. 177. Plaintiff accepted Defendant's offer on November 3, 2021. *See* doc. 177-1. Judgment will be entered against Defendant on Plaintiff's FCRA and FDCPA claims. Therefore, Plaintiff is the prevailing party under 15 U.S.C. §§ 1681n, 1681o, and 1692k.

The FCRA and FDCPA both entitle the prevailing party to reasonable attorneys' fees and costs. 15 U.S.C. §§ 1681n and 1681o; 15 U.S.C. § 1692k. *See Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1336 (9th Cir. 1995) ("The FCRA provides that 'in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorneys' fees as determined by the court [will be awarded].'") (quoting 15 U.S.C. §§ 1681n(3) and 1681o(2)); *French v. Corp. Receivables, Inc.*, 489 F.3d 402, 403 (1st Cir. 2007) (Under the FDCPA, a prevailing party is entitled to "the costs of the action, together with reasonable attorneys' fees as determined by the court.") (internal quotations and ellipsis omitted) (quoting 15 U.S.C. § 1692k(a)(3)).

Defendant's Offer of Judgment also included an offer to pay Plaintiff's "reasonable attorneys' fees and costs as determined by the Court." *See* doc. 177.

Plaintiff's subsequent acceptance Defendant's Offer authorizes the Court to award Plaintiff reasonable attorneys' fees and costs.

**II. PLAINTIFF'S ATTORNEYS' FEES SHOULD BE AWARDED ACCORDING TO THE LODESTAR CALCULATION, WHICH IS PRESUMED REASONABLE**

"The lodestar approach 'contemplates judicial ascertainment of 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate' as the starting point in constructing a fee award.'" *Guckenberger v. Bos. Univ.*, 8 F. Supp. 2d 91, 99 (D. Mass. 1998) (quoting *Coutin v. Young & Rubicam P.R., Inc.*, 124 F.3d 331, 337 (1st Cir.1997) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983))).

### A. BILLED HOURS

1. Plaintiff's Counsel Has Submitted A Complete Spreadsheet Of Hours Expended In The Prosecution Of His Case

The first inquiry, the reasonable "number of hours," is generally computed "by ascertaining the time counsel actually spent on the case 'and then subtract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary." *Guckenberger*, 8 F. Supp. 2d at 100 (citations omitted). Here, Plaintiff's counsel has submitted a spreadsheet which sets forth the number of attorney and staff hours spent in the prosecution of Plaintiff's claims over the past five years. *See* Exhibit A.

2. Plaintiff Is Entitled To An Award Of His Fees Incurred In Seeking This Fee Award

Under First Circuit law, a prevailing party is "normally entitled to attorneys' fees incurred in the pursuit of fees" under a fee-shifting statute. *Torres-Rivera v. O'Neill-*

*Cancel*, 524 F.3d 331, 340 (1st Cir. 2008). Here, Defendant's Offer of Judgment included no limitation on this right, indeed offering to pay all of Plaintiff's "reasonable attorneys' fees and costs as determined by the Court." *See* doc. 177.

Further, on November 1, 2021, Plaintiff's counsel reached out to Defendant's counsel and offered to settle the fee award amount without the need for Court intervention. *See* Exhibit A, cell 258, C. Plaintiff's counsel received no response to this offer, and was therefore forced to file the instant petition.

Under First Circuit law, pursuant to Defendant's offer of judgment, and due to Defendant's decision not to engage in settlement discussions regarding the fee award, Plaintiff is entitled to an award of his attorneys' fees expended in seeking this fee award.

### B.  HOURLY RATE

 "The second part of the calculation of the lodestar is the setting of an hourly rate for each attorney and clerk." *Guckenberger*, 8 F. Supp. 2d at 103. "The applicable rates are 'those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Id.* (quoting *Grendel's Den, Inc. v. Larkin*, 749 F.2d 945, 955 (1st Cir. 1984) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984))).

The Court "may establish a rate that it considers reasonable based on counsel's skill and experience and prevailing market rates." *Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 8 (1st Cir. 1993). In this case, there is "a presumption that local Boston rates apply…" *Guckenberger*, 8 F. Supp. 2d at 103 (citing *Maceira v. Pagan*, 698 F.2d 38, 40

(1st Cir. 1983); *National Wildlife Fed'n v. Hanson*, 859 F.2d 313, 317 (4th Cir.1988) ("The community in which the court sits is the appropriate starting point for selecting the proper rate.")). This local rate is a baseline for the Court's determination of a reasonable rate in light of counsel's experience. *See Phetosomphone*, 984 F.2d at 8.

1. Prevailing Boston Area Market Rates In The Field Of Consumer Protection

In 2018, the market rate in Massachusetts for state and federal litigation of consumer law issues ranged from $300 to $725+ per hour, depending on the skill, experience, and reputation of the litigator, with the top 90% of attorneys charging $725 per hour. *See* Exhibit B, United States Consumer Law Attorney Fee Survey Report (2017-2018) ("Fee Survey"); *See also* Declaration of Ronald Wilcox, ¶ 25. As a major metropolitan area with elevated cost of living, the Boston market rate necessarily skews to the higher end of that range.

2. Plaintiff's Counsel's Experience, Skill, And Reputation

David Chami and Nick Yousif have both submitted declarations setting forth in detail their respective experience in the legal field. Further, Ronald Wilcox, a highly skilled advocate active nationally in the field of consumer protection, and Adam Deutsch, an experienced consumer protection litigator practicing in Massachusetts, have also submitted declarations in support of the hourly rates sought by Plaintiff's counsel. *See* Declaration of Ronal Wilcox; Declaration of Adam Deutsch, respectively.

Mr. Chami is a highly skilled litigator with extensive experience and success in the areas of consumer protection, insurance bad faith, and high-profile civil rights actions. *See*

*generally* Declaration of David A. Chami. Mr. Chami is the managing partner of Price Law Group, APC's consumer protection litigation division, a nationally active litigation team maintaining hundreds of consumer protection cases in federal courts throughout the country. *Id.* Throughout the past five years, Mr. Chami was either the lead or supervising attorney in over 750 consumer protection cases litigated in federal courts throughout the nation, recovering nearly $45 million in damages and settlements. *Id.* Mr. Chami's experience, skill, and reputation justifies an hourly rate near the top of the Boston market rate range, which was over $725 per hour in 2018. His requested rates of $550 for 2016 through 2017, $600 for 2018, and $675 for 2019 through 2021 are therefore more than reasonable under the lodestar method.

Mr. Yousif is likewise an experienced consumer protection litigator, licensed to practice in Massachusetts for over a decade, and growing his consumer protection practice substantially over the past two years. *See generally* Declaration of Nicola Yousif. Mr. Yousif has competently represented over 540 individuals and businesses in bankruptcy proceedings and over 360 consumers in consumer protection cases relating to mortgages. *Id.* His requested rates of $450 for 2016 through 2017, and $500 for 2018 through 2021 are therefore reasonable under the lodestar method.

### C. TOTAL AMOUNTS BILLED

Pursuant to the attached spreadsheet, attorney David Chami, attorney Nick Yousif, and paralegal Florence Lirato expended a total of 618.7 hours prosecuting Plaintiff's case

over the past five years. Attributing each expended hour its appropriate rate, Plaintiff requests a total of $365,195.00 in legal and clerk fees.

### III. THE LODESTAR FIGURE IS PRESUMPTIVELY A REASONABLE FEE AWARD AND IT IS DEFENDANT'S BURDEN TO ESTABLISH ANY REDUCTION IN ATTORNEY'S FEES.

"Once arrived at, there is a strong presumption that the lodestar figure . . . represents a reasonable fee." *Bandera v. City of Quincy*, 220 F. Supp. 2d 26, 50 (D. Mass. 2002) (citations omitted). It has generally been recognized in fee-shifting statutes that "a party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." *United States Football league v. National Football League*, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery). Therefore, it is Defendant's burden to shift the lodestar amount. If it cannot do so, the Court should accept Plaintiff's lodestar and award the attorneys' fees and costs sought.

### IV. PLAINTIFF'S COSTS

Plaintiff has submitted a spreadsheet setting forth the costs incurred in litigating Plaintiff's claims throughout the past five years. *See* Declaration of Florence Lirato, ¶ 4; Exhibit C Based thereon, Plaintiff requests a total of $4,576.39 in incurred costs.

### V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court award total attorney's and paralegal/clerk fees in the amount of $365,195.00 and costs in the amount of $4,576.39 for a total award of $369,771.39 to Plaintiff.

RESPECTFULLY SUBMITTED,

Date: December 17, 2021              BY: /s/ *David A. Chami*
                                     David A. Chami, AZ #027585
                                     Price Law Group, APC
                                     8245 N. 85th Way
                                     Scottsdale, AZ 85258
                                     T: (818) 600-5515
                                     E: david@pricelawgroup.com

                                     Nick Yousif (MA# 679545)
                                     Law Offices of Attorney Nick Yousif,
                                     LLC 157 Belmont Street
                                     Brockton, MA 02301
                                     Telephone: (508) 588-7300
                                     E-Mail: nick@yousiflaw.com

                                     *Attorneys for Plaintiff*
                                     *Robert Sullivan*