UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SULLIVAN,<br><br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, *et al*.,<br><br>    Defendants. | No. 1:16-cv-11719-MPK<br><br>**DECLARATION OF RONALD WILCOX IN SUPPORT OF PLAINTIFF'S PETITION FOR AWARD OF ATTORNEYS' FEES AND COSTS** |

I, Ronald Wilcox, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true:

1.    I am a member in good standing of the California State Bar. I make this Declaration in support of Plaintiff's Motion for Attorney's Fees and Costs.

2.    To demonstrate my qualifications to express my opinion regarding the attorney's fees and costs requested by David Chami, I will summarize my background and qualifications below.

**<u>Alternative Dispute Resolution Background And Experience</u>**

3.    I have spent a considerable amount of time studying and training in negotiation and Alternative Dispute Resolution. Most recently, in June 2021, I attended mediation training sponsored by the Alameda County Bar Association, presented by the Hon. Carolyn Gold (San Francisco Superior Court) and others, to be able to volunteer in mediating to help landlords and tenants deal with post-COVID issues. Additionally, I attended the following:

· **American Bar Association**: 13th Annual Arbitration Training Institute, Phoenix, March 9-10, 2020.

- **NYSBA, AAA, College of Commercial Arbitrators**: 3-Day Commercial Arbitration Training for Arbitrators and Counsel, June 2019.

- **Harvard University Law School**: In June 2018, I attended the Harvard Negotiation Institute and completed the 40-hour Difficult Conversations, advanced negotiations workshop.

- **Harvard University Business School**: In March 2018, I attended the 40-hour Negotiation Mastery Workshop through the innovative HBX online platform.

- **University California at Berkeley**: In October 2016, I completed the 40-hour Mediation and Conflict Resolution course (which satisfies the training requirements for most court and agency mediation panels).

- **University of Southern California-JAMS Advanced Arbitration Institute**: In July of 2015, I completed the 40-hour program which provides advanced training for arbitrators and practitioners.

- **Stanford University**: In the Spring of 2004, I completed the continuing studies course, Conflict, Negotiation, and Dispute Resolution: Social Psychological Perspectives.

4. In early 2021, I also attended mindfulness courses with Stanford. This is in addition to other mindfulness and meditation workshops I engaged in

with Brown University, UCLA, and UC San Diego (where I engaged in mindfulness coach training) in 2020-2021. Several of the tools and practices are very similar to those taught in the negotiation workshops mentioned above.

**Legal Background And Experience**

5. I am a member in good standing of the bars of the following Courts: U.S. District Court for Northern District of California, Southern District of California, Eastern District of California, Central District of California, and the Ninth Circuit Court of Appeals.

6. In 2019, I was elected to serve a second three-year term on the Board of Directors of the National Association of Consumer Advocates, an organization of 1,500+ attorneys nationwide. In 2021, I was elected to serve as Co-Chair of the NACA Board of Directors.

7. I hold a Bachelor's and Master's Degree from New York University (my core course-work was completed at the Stern School of Business), a Graduate Certificate of Special Studies in Administration and Management from Harvard University (equal to one year of graduate school beyond a Bachelor's Degree), and a Juris Doctorate from Indiana University. I served as Managing Editor of the Indiana Journal of Global Legal Studies.

8. I graduated law school in June of 1994 and have been a licensed attorney in California since 1995.

9.	While in law school, I clerked at a law clinic that allowed me to represent clients in consumer-protection matters. I was also certified to practice law, under the supervision of an attorney, and tried my first case before leaving law school.

10.	While in law school, I also engaged in a Federal Civil Courts Clerkship in the chambers of the Hon. John Paul Godich, Chief U.S. Magistrate Judge, which provided me with valuable experience in researching and drafting orders on dispositive motions, as well as assisting the Judge in a civil rights trial.

11.	I have been awarded Santa Clara University's Community Law Center's Community Service Award.

12.	In July 2009, I graduated from Gerry Spence's Trial Lawyer's College (and have engaged in numerous graduate workshops since).

13.	I am the author of Conducting Individual Arbitrations in the National Consumer Law Center's practice guide, **Consumer Arbitration Agreements**. I was acknowledged in the book, **Trial In Action**, Trial Guides, LLC, 2010 because my work with the main author on a trial informed her writing.

14.	I have tried cases to judges, juries, and arbitrators. I have received what I believe are the seven (7) largest awards for an individual in a Fair Debt Collection Practices Act case in the State of California, and perhaps the largest individual award in a case involving the California Consumer Credit Reporting Act. Consumers I have represented have been awarded punitive and/or treble damages on nine occasions since 2014.

15. Consumer protection work (such the Fair Debt Collection Practices Act, Credit Reporting Act), has been the principal focus of my years in private practice. I have also handled numerous cases involving related claims under the California Identity Theft Act, California's Consumer Reporting Act, the Telephone Consumer Protection Act, and wrongful repossessions. I have also represented individuals harassed and discriminated against in the employment context.

16. I have litigated consumer protection cases in California, Illinois, New York, Pennsylvania, Minnesota, Iowa, North Carolina, Texas, and Washington D.C., often at times assisting other attorneys who request my knowledge and skill. The consumer cases I litigate contain fee-shifting provisions, which are cases in which I expect, if successful, that I will be paid my fees and costs by my opposing party, through either a court award or settlement negotiations, and a fee enhancement where circumstances warrant.

17. During my legal career, I have appeared on ABC, CBS, and Telemundo Television news reports, have published articles in the San Francisco Daily Law Journal and Los Angeles Daily Law Journal, the California Bankruptcy Reporter, and have been interviewed and quoted by the Wall Street Journal, San Jose Mercury News, and KGO Radio.

18. I have taught other attorneys at conferences sponsored by the National Association of Consumer Advocates and/or National Consumer Law Center in Boston, Anaheim, Baltimore, Tucson, Jacksonville, Seattle, San Antonio, Miami, Las Vegas and Long Beach; the National Association of Consumer Bankruptcy Attorneys, held in San Antonio; and have appeared as a guest speaker/panelist at the Federal Trade Commission

Roundtable in San Francisco and the National Association of Retail Collection Attorney's Conference in San Francisco. I have also presented Webinars for the National Association of Consumer Advocates/National Consumer Law Center over the past several years.

19. I continue to frequently train other plaintiff attorneys nationwide. In early 2019, I taught three webinars for the National Association of Consumer Advocates and conducted a 90 minute in-person workshop for the National Consumer Law Center ("NCLC") in Las Vegas. In May 2019, I delivered a presentation on consumer law (FDCPA) for the Practicing Law Institute in San Francisco in May 2019. In November 2019, I provided two other presentations at NCLC's Consumer Rights Litigation Conference in Boston.

20. In 2020, during COVID-19, I taught hundreds of consumer attorneys, presenting at virtual conferences in March and November via video; the recent November session had 259 attorneys attending my session.

21. Many of the presentations I conducted appear below:

| 2021 | Don't settle for less: Strategies and Considerations for Effective Settlements and Settlement Agreements. Part II of III |
| --- | --- |
| 2021 | Don't settle for less: Strategies and Considerations for Effective Settlements and Settlement Agreements. Part I of III |
| 2021 | Arbitration Do's and Don'ts: Succeeding in Arbitration |
| 2021 | Arbitrating and Mediating Actual and Punitive Damages |
| 2021 | Basic and Advanced Negotiating Techniques |
| 2020 | ABC's of Consumer Arbitration |
| 2020 | Arbitrating FDCPA and TCPA Cases |

| | |
|---|---|
| 2020 | Arbitration and FCRA Cases |
| 2019 | A Talk With Arbitrators: What They Expect and What You Can Expect |
| 2019 | The ABC's of Consumer Arbitration |
| 2019 | How to Succeed in Arbitration: A Three-Webinar Boot Camp |
| 2018 | How to Succeed in Consumer Arbitration |
| 2018 | Arbitrating FDCPA and TCPA Claims |
| 2016 | How to Successfully Litigate in Arbitration |
| 2016 | Arbitrating FDCPA and TCPA Claims |
| 2016 | Maximizing FDCPA Actual Damages |
| 2014 | Bankruptcy and the Fair Debt Collection Practices Act |
| 2013 | FDCPA: Ask the Experts |
| 2013 | Maximizing FDCPA Actual Damages |
| 2013 | Twenty 2 Minute Tips Re FDCPA Actual Damage Cases |
| 2012 | Bankruptcy and FDCPA |
| 2012 | Bankruptcy, FDCPA, and Debt Collection Suits |
| 2012 | Bankruptcy and the Fair Debt Collection Practices Act |
| 2012 | Fair Debt Collection Practices Act Basics |
| 2011 | Ethics: Contacting Fact Witnesses |
| 2011 | Maximizing Damages |
| 2009 | Debt Collection: Protecting Consumers |
| 2009 | Bankruptcy and the Fair Debt Collection Practices Act |
| 2007 | Debt Collector Defense Strategies |

22. I have attended Continuing Legal Education seminars regarding consumer law in Sacramento, San Francisco, Oakland, San Jose, New York, Chicago, Kansas City, Las Vegas, Baltimore, Atlanta, Albuquerque, Minneapolis, Boston, Tucson, Jacksonville, Austin, and New Orleans. I have also attended the National Consumer Law Center's

Annual Conferences in Anaheim, Atlanta, Baltimore, Oakland, Boston, Philadelphia, Washington, D.C, Seattle, and Minneapolis; the National Association of Chapter 13 Trustees' Annual Convention in New York; and the National Association of Bankruptcy Attorneys' Annual Conventions in Las Vegas, San Francisco, San Diego and San Antonio.

23. I have also attended conferences with the Consumer Attorneys Association of Los Angeles, the California Employment Lawyers Association, and the National Association of Employment Attorneys, and am a member of those organizations.

24. For years, I have volunteered at Santa Clara University's Alexander Community Law Center, directing law students who assist individuals on financial and legal matters, and in the past, at Lawyers in the Library in San Jose.

25. I have assisted numerous consumers in both chapter 7 and chapter 13 bankruptcies, as well as in Fair Debt Collection Practices Act matters. I have represented consumers in courts in San Jose, San Francisco, Oakland, Sacramento, Modesto, and Fresno, and have assisted numerous consumers in regard to their rights under federal and state law, including Fair Debt Collection Practices Act ("FDCPA") litigation. I estimate that I have assisted approximately 2,000 clients in bankruptcy matters, and more than 300 clients in consumer protection matters.

26. In the past, I have qualified to be a panel member of the Santa Clara County Bar's Bankruptcy and Insolvency Section. In 2005, I served as Chairman of the San Jose Division-Bankruptcy Committee, acting as a liaison between the bench and the bar, and

directing monthly meetings to help local attorneys stay abreast of current issues in consumer bankruptcy law as well as debtor and creditor issues.

27.     I have been counsel in several seminal or groundbreaking cases involving California and federal laws that protect individuals.  *See*:

- *Fausto v. Credigy, et al.*, 598 F. Supp. 2d 1049 (N.D. Cal. 2009) (finding the FDCPA applies whether or not a debt is owed, and denied efforts to dismiss the plaintiff's intrusion upon seclusion and punitive damages claims (also resulting in what I believe is the highest jury verdict for an FDCPA case in California - $500,000, including punitive damages.))  *See* Case No. 7-05658 JW (Dkt. 408);

- *Fausto v. Credigy, et al.,* 2009 U.S. Dist. LEXIS 51079, 2009 WL 701012 (N.D. Cal. Mar. 11, 2009) (first FDCPA decision in California compelling an out-of-state corporate witness to trial);

- *Sanchez v. Client Services, Inc.,* 20 F. Supp. 2d 1149 (N.D. Cal. 2007) (the only decision in California where the *consumer's* Motion for Summary Judgment was granted for a debt collector's abusive telephone calls that infringed upon the plaintiff's rights);

- *Panahiasl v. Gurney*, No. 04-04479, 2007 U.S. Dist. LEXIS 17269 (N.D. Cal. Mar. 8, 2007) (the first California decision adopting the federal, as opposed to California, standard for actual damages/emotional distress under the FDCPA);

- *Abels v. JBC Legal Group, P.C.,* No. C-04-02345, 2005 U.S. Dist. LEXIS 9180 (N.D. Cal. May 16, 2005) (first decision to hold a class action can be brought under the Rosenthal FDCPA (a subset of the California Civil Code);

- *Fontaine v. Superior Court*, 175 Cal. App. 4th 830 (6th Dist. 2009) (overturning the Superior Court's order transferring venue to Orange County, thus upholding a consumer's right to bring suit in the county the wrongful acts occurred, as opposed to where the defendant is located);

- *Guillen v. Bank of America Corp.*, No. 5:10-cv-05825, 2011 U.S. Dist. LEXIS 98860 (N.D. Cal. Aug. 31, 2011) (allowing a consumer's claims under California's identity theft statue, despite decisions to the contrary);

· *Guillen v. Bank of America Corp.*, No. 5:10-cv-05825, 2011 U.S. Dist. LEXIS 97966 (N.D. Cal. Aug. 31, 2011) (the first California decision to allow for the use of Skype video depositions);

• *Garcia v. Resurgent Capital Services, LP*, No. C-11-1253, 2012 U.S. Dist. LEXIS 47837 (N.D. Cal. Apr. 4, 2012) (first decision within the Ninth Circuit holding a cease and desist letter need not be specific or explicit);

• *Uyeda v. J.A. Cambece Law Office, P.C.*, No. C-04-04312, 2005 U.S. Dist. LEXIS 9271 (N.D. Cal. May 16, 2005) (first FDCPA case in California finding a false sense of urgency violated 15 U.S.C. § 1692e);

• *Bracken v. Harris and Zide, LLP*, 219 F.R.D. 481 (N.D. Cal. 2004) (first FDCPA case allowing suit to continue against a debt collector's estate);

• *Grinzi v. Curtis Barnes, et al.*, No. C-04-1655, 2005 U.S. Dist. LEXIS 33094 (N.D. Cal. Dec. 14, 2005) (order granting Section 1927 sanctions against debt collector);

• *Carrizossa v. Legal Recovery Services, et al.,* No. C-05-02280, 2010 U.S. Dist. LEXIS 115318 (N.D. Cal. Oct. 29, 2010) (one of only a handful of cases granting injunctive relief under Bus. & Prof. Code § 17200 for FDCPA violations);

• *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (N.D. Cal. 2010) (finding corporate officer individually liable for FDCPA violations); and

• *Savage v. Citibank N.A.*, No. 14-cv-03633, 2015 U.S. Dist. LEXIS 62343 (N.D. Cal. May 12, 2015) *(denying* a Motion to Compel arbitration).

• *Goodwin v. Comerica Bank,* 2021 WL 5917930, --- Cal.Rptr.3d ---- (2021) (December 15, 2001) (California Appellate Court confirmed arbitration award in consumer protection matter).

28. Other published decisions include:

• *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481 (N.D. Cal. 2004);

• *Cohen v. Murphey, Calloway, et al.*, 222 F.R.D. 416 (N.D. Cal. 2004);

• *Palmer v. Stassinos*, 348 F. Supp. 2d 1070 (N.D. Cal. 2004);

• *Abels v. JBC Legal Group, P.C.*, 227 F.R.D. 541 (N.D. Cal. 2005);

- *Abels v. JBC Legal Group, P.C.*, 233 F.R.D. 645 (N.D. Cal. 2006);

- *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152 (N.D. Cal. 2005);

- *Trevino v. ACB and Hilco*, 232 F.R.D. 612 (N.D. Cal. 2006);

- *Del Campo v. Kennedy*, No. C-01-21151, 2006 U.S. Dist. LEXIS 31955 (N.D. Cal. May 3, 2006);

- *Campos v. Western Dental*, 404 F. Supp. 2d 1164 (N.D. Cal. 2005);

- *Davilla v. Thinline Collections, Inc.*, No. C-05-01206, 2005 U.S. Dist. LEXIS 18163 (N.D. Cal. Aug. 25, 2005);

- *Grinzi v. Curtis O. Barnes*, No. C 04-1655, 2005 U.S. District LEXIS 33094 (N.D. Cal. Dec. 14, 2005);

- *Uyeda v. J.A. Cambece Law Office, P.C.*, No. C 04-04312, 2005 U.S. Dist. LEXIS 9271 (N.D. Cal. May 16, 2005);

- *Hunt v. Check Recovery Systems, Inc.,* 178 F. Supp. 2d 1157 (N.D. Cal. 2007).

- *Garcia v. Resurgent Capital Services, L.P.*, No. C-11-1253, 2012 U.S. Dist. LEXIS 59390 (N.D. Cal. Apr. 27, 2012);

- *Garcia v. Resurgent Capital Services, L.P.*, No. C-11-1253, 2012 U.S. Dist. LEXIS 123889 (N.D. Cal. Aug. 30, 2012);

- *Castro v. Green Tree Servicing LLC*, 959 F. Supp. 2d 698 (S.D.N.Y. 2013);

- *Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142, 181608 (C.D. Cal. Feb. 25, 2013);

- *Trejo v. Macy's, Inc.*, No. 5:13-cv-02064, 2014 U.S. Dist. LEXIS 35464 (N.D. Mar. 17, 2014);

- *Savage v. Citibank, N.A.*, No. 14-cv-03633, 2015 U.S. Dist. LEXIS 107501 (N.D. Cal. 2015).

29. I have been co-counsel in several consumer class actions under the FDCPA, several which have been certified by the Northern and Eastern Districts California,

including: *Bracken v. Harris and Zide,* No. 02-5148 RMW (N.D. Cal.); *Napoleon v. NCA, et al.,* No. 02-05149 JW; *Abels v. JBC,* No. 04-02345 JW (N.D. Cal.); *Campos v. Western Dental Services, Inc.*, No. 05-02119 RMW (N.D. Cal. 2005); *Wyatt v. Creditcare, Inc.*, No. 04-03681, 2005 U.S. Dist. LEXIS 25787 (N.D. Cal 2005); *Schwarm v. District Attorney Technical Services, Inc.*, 233 F.R.D. 655 (E.D. Cal. 2006); *Hunt v. Check Recovery Systems, Inc.,* 178 F. Supp. 2d 1157 (N.D. Cal. 2007); *Gittin v. KCI USA*, No. 09-05843 (N.D. Cal. July 26, 2009); *Wilson v. Cybercollect*, No. 09-00963 (N.D. Cal. May 3, 2010); *Corsick v. West Asset Management, Inc.*, No. 9-03053 (N.D. Cal. June 23, 2010); and *Caine v. Advance America*, Case# 1-12-CV237376 (Santa Clara Cty. Sup'r Court Dec. 9, 2014).

30. Courts have determined I am adequate class counsel in a number of class actions brought under the Fair Debt Collection Practices Act.

31. **Ronald Wilcox's Hourly Rate**: My current hourly rate is $750. On October 18, 2021, I was approved at the rate of $750 per hour in an employment arbitration in Los Angeles (Arbitrator Lexi Myer). In March 2021, I was approved at a rate of $750 per hour in a consumer arbitration in Los Angeles (Arbitrator Lexi Myer). *Sanchez v. Oremor of Temecula, LLC,* 2021 WL 2631962 (Los Angeles Superior Court, February 24, 2021).

32. On April 2, 2020, I was approved at the rate of $700 per hour in a consumer arbitration in San Jose, CA. (Hon. Read Ambler (Ret.)). In June 2019, I was awarded $700/hour in an Arbitration in San Jose (Hon. Richard McAdams (Ret.)). Back in 2018, I was awarded the rate of $650, in an Arbitration in San Jose, which was confirmed by the

Eastern District of California (Hon. John Mendez). *Price v. Martin,* 2018 WL 6305490 (E.D. Cal. June 9, 2018); Case# 14-00283, Docket #53, (E.D. Cal. September 20, 2018). Way back in July 2015, I was awarded an hourly rate of $600 in an Arbitration in Los Angeles (Hon. Nancy Wieben Stock (Ret.)). Judge Wieben Stock also held that L.A. and San Francsico Bay Area legal markets were comparable in attorney hourly rates.

33. Based on my experience and knowledge of billing practices, I can state that others have billed and continue to bill paying clients at or even above this rate for the services of attorneys with comparable experience to mine.

**2. David Chami's Hourly Rate**

34. I have known David Chami for about 5 years. During this time, we have litigated several cases together, which all involved consumer statutes. I am therefore familiar with the work of David Chami.

35. Based on my personal experience in litigating cases with Mr. Chami, I am of the opinion that he is a skilled, highly competent attorney. Among the finest I have worked with.

36. Through my involvement in NACA and the Trial Lawyers' College, I meet and confer with numerous attorneys from around the country, including those that practice in the Boston area, regarding a variety of consumer law issues, including hourly rates. And I am familiar with the hourly rates for consumer protection litigation charged by attorneys with experience, skill, and reputation similar to that of David Chami.

37. The market rate in Massachusetts for state and federal litigation of consumer law issues is a range from $300 to $725+ per hour, depending on the skill,

experience, and reputation of the attorney. The market rate in the Boston area is generally skewed to the higher end of that rang to account to the higher cost of living.

38. It is my understanding that Mr. Chami is requesting that he be awarded the following rates:

    a.     $550/hour for work performed in 2016-2017

    b.     $600/hour for work performed in 2018

    c.     $675/hour for work performed in 2019-2021

39. Given the prevailing rates in the market, my experience with counsel, and my experience in litigation in fee-shifting cases, I believe the above rates sought by Mr. Chami in this case are reasonable.

**Costs**

40. In the Boston, Massachusetts area, it is my understanding that it is customary for lawyers to itemize and bill clients separately, in addition to their regular hourly rate, for expert witness fees, court reporter fees, on-line research, copying and facsimile costs, postage and delivery charges, and travel costs, including mileage, tolls, and parking.

41. I am not being paid to submit this Declaration. I am not related to any of the parties in this action and I have no financial interest in the outcome of this case.

I declare under penalty of perjury and under the laws of the State of California that the foregoing is true and correct.

Executed at Santa Cruz County, CA, on December 16, 2021.

                                                   */s/Ronald Wilcox*